UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-136-RJC-DSC

| | |
|---|---|
| AMANDA LEVY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| EXTENDED STAY AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No. 17), and Plaintiff's Amended Motion to Proceed in Forma Pauperis, (Doc. No. 16), Motion to Amend Complaint, (Doc. No. 19), and Revised Motion for Relief, (Doc. No. 20).

## I. BACKGROUND

### A. Procedural Background

Plaintiff filed a Complaint on February 28, 2013, (Doc. No. 1), and an Amended Complaint on April 16, 2013, (Doc. No. 12). Plaintiff also filed a Motion to Proceed in Forma Pauperis, (Doc. No. 2), on February 28, 2013 ("Application"). The Application was denied by Order dated March 22, 2013. (Doc. No. 4). Plaintiff filed a Motion for Reconsideration of her Motion for Leave to Proceed in Forma Pauperis on April 4, 2013. (Doc. No. 8). The Court granted Plaintiff's Motion and ordered her to provide a revised Application by May 13, 2013. (Doc. No. 15). Plaintiff submitted an Amended Motion to Proceed in Forma Pauperis on May 6, 2013, averring that she has $221.00 in total monthly expenses and no income. (Doc. No. 16). Plaintiff also filed a Motion to Amend her Amended Complaint on May 23, 2013, (Doc. No. 19),

1

and a Revised Motion for Relief and Motion for Return of Property on June 7, 2013, (Doc. No. 20).

B.  Factual Background

Plaintiff Amanda U. Levy ("Plaintiff") alleges in her Amended Complaint, (Doc. No. 12), that on or about July 31, 2011, two female employees of Defendant stole her personal possessions worth over one million dollars while Plaintiff resided in one of Defendant's hotels in Alpharetta, Georgia. (Doc. No. 12 at 1). Plaintiff further alleges that employees of Defendant stole from her while she resided in Defendant's hotel in "Gaithersburg," failing to allege the state where this hotel is located. (Id. at 2). Plaintiff makes various other allegations regarding Defendant's employees' treatment of her and of her property, including that they deleted her "emails from March 2011 until June 2012 to cover up their crimes." (Id.). Plaintiff also alleges that Defendant's employee or agent, "Mary," assaulted and battered Plaintiff during one of her hotel stays, thereby causing Plaintiff personal injuries. (Id. at 3). Plaintiff seeks to have her personal items returned and to be compensated for her personal injuries. (Id. at 3-4).

Plaintiff also makes numerous nonspecific allegations regarding bullying. (Id.). In addition to allegations relating to her personal injury and theft of her property, Plaintiff alleges that she suffered discrimination based upon her national origin and physical disability, and that she is therefore entitled to maintain a cause of action under the Civil Rights Act. (Id. at 5).

Plaintiff further seeks to state a cause of action for negligence, alleging that "Defendants were negligent. They stole her precious belongings. They assaulted and battered her." (Id. at 6). Plaintiff also seeks to maintain a cause of action for breach of oral contract. (Id.). Plaintiff further contends that this Court has jurisdiction over this action pursuant to federal question

jurisdiction, alleging that she is entitled to recover under the Americans with Disabilities Act. (Id. at 6-7).

In her Prayer for Relief, Plaintiff seeks compensation for "undue stress, pains and sufferings related to her personal injuries, medical expenses, permanent damage to her body, embarrassment, humiliation and discrimination based upon national origin and disability . . ." (Id. at 7). She seeks compensatory damages in the amount of six million dollars ($6,000,000.00). (Id.). She also claims that she is entitled to recover punitive damages. (Id.).

Plaintiff alleges that she is a resident of California. (Id.). Plaintiff is also known as Amanda Ajuluchuku, as evidenced in part by the email correspondence submitted by Defendant in which Plaintiff identifies herself as "President & CEO of Ajuluchuku-Levy's Books" and the fact that her email address appears as Amanda Ajuluchuku <amandaulevy@gmail.com>. See (Doc. No. 17-2: Plaintiff's Email). Further, the United States District Court for the Northern District of Illinois noted the following in Case Number 1:13-cv-2005: "It is clear that Levy and Ajuluchuku are the same person because Levy and Ajuluchuku each describe the cause of her own disability as being a fall as a baby that split her head into two parts," and "the plaintiff filed at least some complaints under the name Amanda U. Ajuluchuku-Levy." See (Doc. No. 17-3: Order for Case No. 1:13-cv-2005 (N.D. Ill. March 20, 2013)).

## II. DISCUSSION

Plaintiff is enjoined from proceeding as a plaintiff in this action because she is not represented by a licensed attorney admitted to practice in the Western District of North Carolina and has not obtained permission to proceed pro se, as required by the restrictions placed upon her by this Court.

3

She's Back!

In 2006, Plaintiff, then calling herself Amanda U. Ajuluchuku, was described by this Court as a peripatetic litigant after she had filed nearly two-hundred (200) civil complaints in twenty-three (23) different districts between 2003 and 2006. See (Case No. 3:06-cv-60-RJC-CH, Doc. No. 11 at 2-4).[1] In nearly every case she sought in forma pauperis status. (Id.). At that time, five separate district courts had imposed some form of pre-filing restrictions against the Plaintiff. (Id.). In Ajuluchuku v. Bank of America (Consolidated Case Nos. 3:06-cv-60; 3:06-cv-121; 3:06-cv-122; 3:06-cv-123; 3:06-cv-124), Plaintiff sought to recover forty-five trillion dollars ($45,000,000,000,000.00) in compensatory and punitive damages for violation of the Americans with Disabilities Act and the Civil Rights Act, the same acts she cites in the case at

---

[1] See, e.g., Ajuluchuku v. Kelly Services et al, No. 04-2311(W.D. Wash. filed Nov. 15, 2004) (employment agency and university sued after Ms. Ajuluchuku tripped after climbing "too many stairs" on university grounds during interview with prospective employer). And she has sued various businesses for such discriminatory behavior as having slow service or requiring her to pay full-price. See, e.g., Ajuluchuku v. Domino's Pizza, No. 05-100 (W.D. Mich. Jan. 19, 2006) (Domino's Pizza sued for taking over 45 minutes to deliver a pizza, despite the fact Ms. Ajuluchuku was "starving"); Ajuluchuku v. Air Alaska Groups et al, No. 05-474 (D. Nev. Aug. 24, 2005) (airline sued for refusing to sell Ms. Ajuluchuku a $200 plane ticket for $39 after she had spent all of her money). Some of her other lawsuits derive from perceived discriminatory slights. See, e.g., Ajuluchuku v. Worksource Renton, No. 04-2048 (W.D. Wash. filed Nov. 29, 2004) (employment agency sued because employee was unable to pronounce Ms. Ajuluchuku's name, and when the employer called, the number displayed on Ms. Ajuluchuku's caller ID was "private"); Ajuluchuku v. Yum! Brand, Inc., Ltd., No. 05-826 (W.D. Ky. filed Dec. 27, 2005) (Kentucky Fried Chicken sued when it failed to serve chicken breasts and rice). She even has sought to sue the lawyers who represented her, and the lawyers who represented her adversaries. See Ajuluchuku v. Law Offices of Kurt Bennett, No. 03-2116 (W.D. Wash. filed Nov. 30, 2004) (attorney for a defendant sued for "libel resulting in discrimination" when he called Ms. Ajuluchuku a "con-artist" during pre-trial conference). Ms. Ajuluchuku has sued some of these defendants and others multiple times, and frequently has attempted to circumvent the restraining orders and/or orders of dismissal of one court by filing duplicate lawsuits in other districts. Compare Ajuluchuku v. Wendy's International Inc., No. 05-252 (N.D.G.A. Oct. 13, 2005) (order for temporary injunction against proceeding in forma pauperis) and Ajuluchuku v. Wendy's International Inc., 05-942 (S.D. Ohio filed Oct. 14, 2005) (identical claim filed the next day).

bar. (Id.). Many of the allegations contained in Plaintiff's Amended Complaint are identical or similar to those contained in her complaint in Ajuluchuku v. Bank of America and in many of her other filings. See (Id. at 4-5).

In considering Plaintiff's prolific and migrating litigation, this Court found that her litigation was abusive and vexatious, and determined that a pre-filing injunction was necessary to protect the efficient administration of justice. (Id. at 7). Courts have a responsibility to prevent vexatious litigants from diverting limited judicial resources better spent on the meritorious claims of others. On May 22, 2006, this Court found as follows:

> Having considered the circumstances surrounding Ms. Ajuluchuku's filings in this district and elsewhere, the Court finds that Ms. Ajuluchuku shall be enjoined from proceeding as a plaintiff without the representation of a licensed attorney admitted to practice in the Court, unless she first obtains permission. To proceed pro se, Ms. Ajuluchuku must first do the following: (i) file a petition with the clerk of the Court requesting to file a pro se action; (ii) include in the petition the following information: an organized list of all of Ms. Ajuluchuku's lawsuits currently pending or previously filed with this District, or any lawsuit against the named defendants filed in any court, including the name and case number of each case and the current status or disposition of the appeal or original proceeding; (iii) file with the clerk of this Court a notarized affidavit, in proper legal form, that recites the issues she seeks to present, including a short description of the legal basis asserted and whether these issue[s] have been raised in any other forum, with citations thereto. In the affidavit, Ms. Ajuluchuku must certify to the best of her knowledge that the legal arguments being raised are not frivolous or in bad faith, that they are warranted by existing law or a good faith basis argument for the extension, modification, or reversal of existing law, and that she will comply with the local rules of this court.

(Id. at 8-9). It was further ordered that even if Plaintiff was able to submit documentation in compliance with the foregoing restrictions, the documents must then be reviewed by a magistrate judge to determine whether to permit a pro se original proceeding. (Id. at 9). Finally, it was noted that leave to proceed pro se will only be forthcoming if Plaintiff can demonstrate that the proposed filing (1) can survive a challenge under Rule 12 of the Federal Rules of Civil

Procedure; (2) is not barred by principles of res judicata, or issue or claim preclusion; (3) is not repetitive or violative of any court's order; and (4) is in compliance with Rule 11 of the Federal Rules of Civil Procedure.  (Id.).

Plaintiff was given ten (10) days to submit written objections to the proposed restrictions. (Id.).  The Court ordered that, if Plaintiff failed to file timely objections, the filing restrictions would take effect fourteen (14) days after the entry of the Order, or on June 5, 2006.  (Id.). Plaintiff failed to timely file objections, and the restrictions took effect on June 5, 2006.  The Court made clear that "[t]he filing restrictions will apply to any matter filed after that time." (Id.).

In the instant case, Plaintiff has failed in all respects to comply with the pre-filing restrictions placed upon her by this Court.  She seeks to proceed pro se, but has not sought leave of the Court to do so.  Moreover, she did not provide the Court with any of the information required of her prior to filing this action.  Because Plaintiff has failed completely to comply with the pre-filing restrictions placed upon her by this Court with respect to any actions she seeks to bring in the Western District of North Carolina, the present action is dismissed with prejudice as violative of this Court's order.  FED. R. CIV. P. 41(b).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. No. 17), is **GRANTED**;

2. Plaintiff's Amended Complaint, (Doc. No. 12), is **DISMISSED with prejudice**;

3. Plaintiff's Amended Motion to Proceed in Forma Pauperis, (Doc. No. 16), is **DENIED as moot**;

4. Plaintiff's Motion to Amend Complaint, (Doc. No. 19), is **DENIED as moot**;

5. Plaintiff's Revised Motion for Relief, (Doc. No. 20), is **DENIED as moot**;

6. Plaintiff is reminded that she is **ENJOINED** from proceeding as a plaintiff without the representation of a licensed attorney admitted to practice in the Western District of North Carolina, unless she complies with the aforementioned criteria; and

7. The Clerk is directed to close this case.

Signed: July 8, 2013

Robert J. Conrad, Jr.
United States District Judge